Wardlaw, Ch.,
delivered the opinion of the Court.
The questions raised by the grounds of appeal in this case may be considered most conveniently, by taking up the points decided in the circuit decree.
1. Neglect is imputed to the executors in the management of the plantations under their charge.
The Master and the Chancellor concur in the conclusion, that there has been no mismanagement; their judgment upon a matter of fact would not be disturbed by us, where there was testimony upon both sides, upon any doubt as to the weight of evidence. Here their judgment is amply sustained by the evidence.
2. It is complained, that the executors have treated the several plantations of the children of testator as one estate, without separation of the income of each devisee, whereas the land of plaintiff was more productive than the land of either of the other two, and the land of Mrs. Hanckel more productive than *339 the land of Mrs. Whaley. In the judgment of the Master and Chancellor, which we are not disposed to controvert, Mrs. Whaley has made sufficient compensation to the plaintiff and Mrs. Hanckel for the superior productiveness of their lands, by the payment of $2095 for rent of their lands; and as the slaves bequeathed to the latter two were liable, by the decree of 1839, to the payment of $6030 to Mrs. Whaley, to produce equality among the three devisees, we see no reasonable objection to the executors’s conduct in managing the estate as a common property, until the debts, including the $6030, were extinguished.
3. A claim is set up, in behalf of Mrs. Whaley, for the hire of her negroes from the death of her mother until the death of her father, about ten years. One of the grounds upon which the Chancellor rejects this claim, is, that it was a matter litigated, or proper for litigation, in the former case between the parties to the present suit, reported as Jenkins vs. Hannahan, (Chev. Eq. 129.) That a former decree, or judgment, is a bar to further litigation between the parties and privies, as to the same subject of controversy, is firmly established in this Court. (McDowall vs. McDowall, Bail. Eq. 330 ; Tate vs. Hunter, 3 Strob. Eq. 136.) The infancy of a party at the time of the former decree, is no ground of exception to the estoppel; for an infant is bound, as fully as an adult, by a decree, until it be reversed. (Story’s Eq. Pl. § 792; Spencer vs. Bank, Bail. Eq. 468; Huson vs. Wallace, 1 Rich. Eq. 1.) But the obscurity of the facts as presented to us, makes the application of the doctrine somewhat doubtful in this matter; and the necessity of scrutiny into the facts is superseded as other objections to this claim clearly appear. At the foot of an account, containing a demand against the executors for the hire of Mrs. Whaley’s ne-groes after the death of her father, her husband, then adult, and entitled to receive her choses in action, November 17, 1841, signed a receipt in full to the executors. The omission, at that time, to set up any claim for the hire of Mrs. Whaley’s negroes before the death of her father, amounts to a waiver and abandonment of such claim. (Chesnut vs. Strong, 1 Hill Ch. 128.) *340 It is the duty of the Court to give full effect to private settlements between parties of adverse interests, ut sit finis litiurn. (Fraser vs. Hext, 2 Strob. Eq. 250.)
If the party might have opened this receipt upon any ground of equity, such as fraud or mistake, the statute of limitations would begin to run against the exercise of such right from the date of the receipt; and here the bar of the statute was complete before this claim was stirred. It may be mentioned, although the fact is not regarded as important, that Mrs. Whaley herself was of full age more than four years ante litem motam. It is urged, however, that the acknowledgment by- the executors of the justice of the claim, removes the bar of the statute, and revives the demand. But the acknowledgement was after the claim had been fully barred, and was not accompanied by any promise to pay; and under such circumstances the debt would not be revived against an original debtor; much less against a legal representative to create liability through him upon legatees- or distributees. The mere omission of the executors to plead the statute, will not preclude other parties, who may be charged with the debt, from availing themselves of the defence. (Shewen vs. Vanderhorst, 1 Rus. & Myl. 347.) One legatee can make reclamation of another only through the executors, and upon some ground of equity that entitles the executors to be reimbursed for the erroneous appropriation of the assets. How could executors establish such grounds of equity, after they had wil-fully refrained from resorting to a legal defence %
4. Mr. & Mrs. Whaley propounded another claim, for interest on the $6030 decreed to her for equality. The principal sum was included in the account, at the foot of which, W. J. Whaley gave a receipt in full in November, 1841. The interest should have been claimed then, if ever. The claim of it now, is liable to all the defences which have been considered to exclude her demand for hire. More than that; this claim was never well founded. It is not allowed in terms by the decree of 1839; and it is not just that she should receive interest on a sum representing land devised to her, while the profits of the lands of *341 her co-devisees are in the course of appropriation to make her land of equal value with theirs respeetively.
5. The remaining question is as to the joint liability of all the executors for the acts of each. The effect of our decision upon the first point — as to mismanagement of the plantations— is to restrict this enquiry to the subject of the pecuniary assets of the estate received by G. W. Seabrook. As to the receipts and payments, he alone was the acting executor ; and no act of concurrence, on the part of the co-executors, appears in the evidence. Indeed we are not furnished with any proof of his misapplication of the assets. Every executor has a several right to receive the assets of the estate ; and he who receives, is exclusively answerable for the misapplication of them, unless his co-executors have contributed to enable him to get possession of them, or have acquiesced in' his appropriation of them, contrary to the trusts of the will, knowing of such misapplication. Plere his co-executors have been merely passive ; they have not obstructed G. W. Seabrook in getting possession of the assets; and they are not responsible for his acts. (Langford vs. Gascoyne, 11 Ves. 335; Atcheson vs. Robertson, Col. Dec. 1850.)[a]
It is not our purpose, in this opinion, to conclude the parties on any matter outside of the case made for our decision. The equities of the parties as to the distribution of the funds remaining in the hands of the acting executor, will be determined when they áre properly presented.
It is represented to us, that the plaintiff and Mrs. Whaley have died since the filing of the circuit decree. Leave is granted, to any party, to take the necessary steps for revivor.
Ordered that the circuit decree be affirmed and the appeal be dismissed.
Johnston, Dunkin and Daugan, CC., concurred.

Appeal dismissed.

(a) Ante p. 132.